488 So.2d 1287 (1986)
STATE of Louisiana
v.
Edward C. HAYES.
No. KA-4514.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*1288 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., H.T. Cox, Asst. Dist. Atty., Sherry T. Cochran, Law Clerk, New Orleans, for plaintiff.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before SCHOTT and BYRNES, JJ., and HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
Edward C. Hayes was charged by bill of information on June 22, 1984, with possession of cocaine, methylphenidate, and codeine, in violation of La.R.S. 40:967 and 40:968. After a trial by jury, Hayes was found guilty of attempted possession on all three counts. He was adjudicated a second offender under the provisions of La.R.S. 15:529.1 and was sentenced to serve three years at hard labor on each charge, with the sentences to run concurrently and with credit for time served. On appeal, defendant relies on one assignment of error for reversal of his conviction and sentence.
FACTS
On June 22, 1984, three New Orleans Police officers executed a search warrant at 1938 Alvar Street. The warrant was obtained based on information supplied by an anonymous informant that marijuana was being grown at the residence in question. After observing the marijuana bushes on the property, the officers obtained and executed the search warrant. Those present in the two-story structure when the officers executed the warrant included the defendant's mother, the defendant's brother, a house guest, two adult females, and several children. The defendant was not present.
When the officers searched the house, they found that the door to one of the upstairs bedrooms was locked with a padlock. The police officers testified that defendant's mother told them that the room belonged to her son, the defendant, that only defendant had a key to the padlock, and that the reason the room was locked was because her children stole from each other. One of the officers kicked the door in and the three officers searched the bedroom. They seized codeine, methylphenidate and cocaine from a bureau in the room. Also confiscated from the same bureau were two documents containing the defendant's name and the Alvar Street address. The documents were dated 1982 and 1983, respectively.
On November 29, 1984, defendant was arrested in an unlocked upstairs bedroom of the same house.
At trial, defendant's mother denied telling the officers that the reason the door was locked was because her children stole from each other. She also testified that when asked by the officers if she had a key to the locked room, she had responded that she did not have a key upstairs. Finally, she testified that at the time of the search and seizure the defendant was living with his girlfriend and not in the house on Alvar Street. Ms. Robin Spears also testified that she had been defendant's girlfriend and that he had lived with her from April 1984 until July 1984.
*1289 By his sole assignment of error defendant contends there was insufficient evidence to support his conviction.
The standard of appellate review of the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Sweeney, 443 So.2d 522 (La.1983).
Physical possession of a controlled dangerous substance is not required to violate the prohibition against possession; constructive possession is sufficient. State v. Trahan, 425 So.2d 1222 (La. 1983); State v. Baker, 338 So.2d 1372 (La.1976); State v. Johnson, 463 So.2d 778 (La.App. 4th Cir.1985). Constructive possession exists if the thing is subject to the dominion and control of the accused and if he has knowledge of its presence even though it is not in his physical possession. Trahan, supra at 1226; Baker, supra at 1374. The determination whether there is "possession" sufficient to convict depends on the particular facts of each case. State v. Cann, 319 So.2d 396 (La.1975).
Because none of the contraband seized from the Alvar Street residence was found in defendant's physical possession, it was the state's burden to prove that defendant had sufficient dominion and control over the contraband found in the bureau to be in constructive possession. The state sought to discharge this burden by the testimony of the police officers who executed the search warrant as well as the documents which were found in the same bureau as the drugs. The officers testified that defendant's mother told them that the locked bedroom belonged to defendant and that defendant had the only key to the padlock on the door.
Defendant argues that the officers' testimony regarding statements allegedly made by defendant's mother during the search was hearsay and should be disregarded. This testimony was not objected to at trial and thus cannot be urged on appeal C.Cr.P. Art. 841. Moreover, the statements in question were allegedly made by defendant's mother who took the stand as a witness during trial, giving defense counsel ample opportunity to attempt to rebut the officers' testimony.
Defendant further argues that the two documents found in the bureau which were dated 1982 and 1983, respectively, and which contained defendant's name and the Alvar Street address, could have been left in defendant's childhood room even if he was not staying there. However, it is undisputed that the bedroom where the contraband and the documents were seized was defendant's bedroom and was occupied by defendant when he was present at his mother's house.
Viewing the evidence in the light most favorable to the state, we find that a rational trier of fact could have found beyond a reasonable doubt that defendant was guilty of attempted possession of the drugs. We find no manifest error in the jury's finding that the officers' testimony was more credible than the testimony of defendant's mother and girl friend. Defendant's assignment of error is without merit.

ERRORS PATENT
The sentence imposed is in error because the defendant was sentenced to serve three years on each of the three counts (attempted possession of codeine, attempted possession of methylphenidate, and attempted possession of cocaine) to run concurrently as a second offender. The sentence on each count was enhanced under R.S. 15:529.1, as the maximum imprisonment term for each of the counts as a first offender is two and one half years. R.S. 40:968, R.S. 40:967, R.S. 40:979. The sentence is in error because (1) defendant was sentenced as a habitual offender on each of the three counts when the sentence should have been enhanced on only one conviction, State v. Sherer, 411 So.2d 1050 (La.1982), and (2) because of this illegal *1290 enhancement, the sentence on two of the three counts exceeds the maximum allowable by law. The Sherer case, supra, holds that when a defendant is convicted of more than a single count at the same time, it is error to enhance more than one sentence pursuant to a multiple bill. In point of fact, as the defendant's sentences on the three counts are to run concurrently, the length of the overall sentence will not be changed. However, in order to correct the illegality of the sentence, the sentence on two of the three counts must be amended. C.Cr.P. Art. 882; State v. Michael Pinkney, 485 So.2d 1014 (La.App. 4th Cir.1986).
Accordingly, we affirm the trial court's sentence of three years in the custody of the Louisiana Department of Corrections for attempted possession of cocaine. We remand the convictions for attempted possession of melhyphenidate and attempted possession of codeine to the district court for resentencing.
CONVICTIONS AFFIRMED; SENTENCE FOR CONVICTION OF ATTEMPTED POSSESSION OF COCAINE AFFIRMED; REMANDED FOR SENTENCING FOR CONVICTIONS OF ATTEMPTED POSSESSION OF METHYLPHENIDATE AND CODEINE.