514 So.2d 602 (1987)
STATE of Louisiana
v.
Eddie G. WALKER and Janice Brumfield.
No. KA-7238.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
*603 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joseph H. McCusker, III, Asst. Dist. Atty., New Orleans, for appellee.
Joseph Meyer, Jr., New Orleans, for appellants.
Before SCHOTT, LOBRANO and CADE, JJ.
LOBRANO, Judge.
Defendants, Eddie G. Walker and Janice M. Brumfield, were charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967.
On November 13, 1986 following a judge trial both defendants were found guilty as charged. On November 20, 1986, Eddie G. Walker was sentenced to serve three (3) years in the custody of the Department of Corrections, suspended with active probation for three (3) years. Walker was fined one hundred ($100.00) dollars court costs due by January 9, 1987 or thirty (30) days in Parish Prison. Brumfield was sentenced to serve two (2) years in the custody of the Department of Corrections, suspended with active probation for two (2) years. Brumfield was fined one hundred ($100.00) dollars court costs or thirty (30) days in Parish Prison. In addition, both defendants were fined three hundred ($300.00) dollars to be *604 paid to the Criminal Courts Operational Fund by January 9, 1987 and ten ($10.00) dollars per month to the Department of Corrections while they remained on probation.
FACTS:
On August 7, 1986, New Orleans Police Officers Pedro Marino and Lloyd Clark executed a search warrant for contraband at the premises located at 1332 Clouet Street (one side of a shotgun double) in the City of New Orleans.
Upon arrival the officers found Walker standing outside the house with two other men. Brumfield was found inside the residence with her children and another female. In executing their search the officers found several items inside the house which evidenced cocaine possession and distribution, to wit: plastic bags, plastic bag seals, two amber colored bottles containing a white substance often used to cut cocaine, a .38 caliber revolver and a scale. Under the rear of the 1332 Clouet Street side of the house, under a support beam, the officers found a plastic bag containing a white powder which was later identified as cocaine.
Inside the master bedroom on top of a dresser the officers found documents, bills and papers in the name of Eddie G. Walker and his alias Eddie Connelly. They also found an old lease in the name of Janice Brumfield. Both Walker and Brumfield were then arrested for possession of cocaine.
Walker and Brumfield appeal their convictions and sentences asserting the guilty verdicts are contrary to the law and the evidence as the state failed to exclude every reasonable hypothesis of innocence as required by La.R.S. 15:438.
Defendants argue that the state failed to prove that they had constructive possession of the cocaine. In support of their contention, defendants note testimonial evidence of the arresting officers that the cocaine was found underneath the house on top of a support pillar that was shared by both sides of the double.
The standard of review to be used by an appellate court is whether viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982).
To support a conviction for possession of a controlled dangerous substance in violation of La.R.S. 40:967, the state must prove that the defendant was (1) in possession of the illegal drug and (2) that he knowingly possessed the drug. The state need not prove that a defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983).
The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Trahan, supra; State v. Johnson, 404 So.2d 239 (La.1981), cert. den.; Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (La.1982). However, a person found in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, supra; State v. Johnson, supra; State v. Smith, 257 La. 1109, 245 So.2d 327 (1971); or if the person is in joint possession of a drug which is in the physical possession of a companion, if he willfully and knowingly shares with the other the right to control of the drug. Guilty knowledge is the essential element. State v. Trahan, supra, citing State v. Smith, supra. See also, State v. Hayes, 488 So.2d 1287 (La.App. 4th Cir. 1986). The determination of whether there is possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra, citing State v. Cann, 319 So.2d 396 (La.1975).
The fact finder may draw reasonable inferences based on the evidence presented at trial. State v. Edwards, 354 So.2d 1322 (La.1978); La.R.S. 15:446.
*605 Several factors to be considered in determining whether a defendant exercised "dominion and control" over the narcotics to constitute constructive possession are as follows:
"... a defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by the drug users." State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir. 1984), citing Bujol v. Cain, 713 F.2d 112 (U.S.C.A. 5th Cir.1984).
There is no difficulty in concluding that the evidence showed beyond a reasonable doubt that Walker resided at 1332 Clout Street and as such had dominion and control over the contraband. Along with the drug paraphernalia found in the master bedroom, the officers found various documents (in Walker's name and that of his alias) confirming 1332 Clouet Street as his residence. These documents consisted of a checkbook, a South Central Bell telephone bill, a Public Service electric bill, a bill from Cox Cable, and a bank book, a parking ticket and a layaway jewelry receipt. These items of evidence showed beyond a reasonable doubt that Walker exercised dominion and control over the premises where the cocaine was found.[1]State v. Trahan, supra.
Considering these facts in the light most favorable to the prosecution any rational trier of fact could have concluded beyond a reasonable doubt that Walker was in constructive possession of the cocaine. This assignment of error has no merit with regards to Eddie G. Walker.
As to Janice Brumfield, the evidence is wholly circumstantial and does not exclude every reasonable hypothesis of innocence. La.R.S. 15:438.
A review of the record indicates that there was not a scintilla of evidence presented at trial to prove that Brumfield exercised dominion and control over 1332 Clouet Street. See, State v. Harvey, 463 So.2d 706 (La.App. 4th Cir.1985).
The factors to be considered in determining when a person arrested in the residence of another is in constructive possession of the contraband found in the residence was fully enunciated in State v. Abram, 465 So.2d 800 (La.App. 2nd Cir.1985) as follows:
"(1) whether the accused knew contraband was in the residence; (2) whether the accused had been in the residence on prior occasions; (3) how long the accused was in the residence prior to his arrest; (4) whether the accused had access to the residence; (5) whether the residence was frequented by drug users; (6) whether there are indications of recent drug use; (7) whether any contraband was found on the person of the accused; and (8) whether the accused had any control over the contraband found in the residence." Abram, at 805.
The testimony at trial only established that Brumfield was found inside the residence along with several other persons who were released by the police. There was no evidence as to where in the house Brumfield was found nor was there any evidence presented as to her proximity to the location of the cocaine or drug paraphernalia found on the premises. See, State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986). The only evidence presented was a copy of an old lease in Brumfield's name found in the master bedroom for an apartment on Congress Street. This single document standing alone is insufficient for a rational trier of fact to find that Brumfield exercised dominion and control over 1332 Clouet Street to satisfy the requirements of constructive possession. Thus, the state failed to provide sufficient evidence to substantiate a finding of guilty to possession of cocaine as to Janice Brumfield. We must reverse her conviction.
*606 Because the reversal is based on the failure of the evidence to prove an essential element of the crime charged and of any lesser included offense of which defendant could have been found guilty, the double jeopardy clause of the Fifth Amendment to the U.S. Constitution bars a second trial for defendant and she must be discharged, Burks v. U.S., 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); State v. Fontana, 396 So.2d 1251 (La.1981) and a judgment of acquittal is entered. State v. Harvey, supra; State v. Walker, 369 So.2d 1345 (La. 1979); State v. Liggett, 363 So.2d 1184 (La.1978).
For the foregoing reasons, defendant, Eddie G. Walker's conviction and sentence is affirmed. Defendant, Janice N. Brumfield's conviction and sentence is reversed and a judgment of acquittal is entered.
CONVICTION AND SENTENCE OF EDDIE G. WALKER IS AFFIRMED.
CONVICTION AND SENTENCE OF JANICE N. BRUMFIELD IS REVERSED AND A JUDGMENT OF ACQUITTAL IS ENTERED.
NOTES
[1] Although these items were offered in evidence, they were not included in the record. However, the officer who found them identified them at trial with no objection from the defense. Each item was placed in evidence and we find the testimony sufficient to identify them.