565 So.2d 1080 (1990)
STATE of Louisiana
v.
Joseph JAMISON, Sr.
No. 89-KA 1728.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1990.
Martin E. Regan, Jr. and James P. Manasseh, Regan and Associates, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Daniel A. Claitor and Kim McElwee, Asst. Dist. Attys., New Orleans, for appellee.
*1081 Before GARRISON, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Defendant, Joseph Jamison, Sr., was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967. Defendant filed a motion to suppress the evidence, which was denied by the trial court on February 17, 1989. A twelve member jury found defendant guilty of attempted possession of cocaine. Defendant filed a motion for new trial which was denied by the trial court on May 31, 1989. He was immediately sentenced to fifteen years at hard labor. Defendant appeals based on four assignments of error, and also requests a review of the record for errors patent. We affirm.

Facts
On April 5, 1988, Officer Robert Bardy of the New Orleans Police Department received a call from a confidential informant at approximately 9:45 p.m. that people in the area of First and Roman Streets in New Orleans were anticipating a cocaine drop-off. Officer Bardy instructed the informant to call back when she knew when and where the drop-off would occur. The informant again called Officer Bardy at 10:20 p.m. and stated that the drop-off was occurring immediately from a small white rental car in the area of First and Derbigny Streets, and that if he came quickly, he could catch them. Officer Bardy testified that this informant had given him information in the past which had led to arrests and convictions.
Officer Bardy and his partner, Sergeant John Evans, who had been waiting a few blocks away, then proceeded to this intersection in an unmarked white police vehicle. They stated that they knew this intersection to be a heavy drug trafficking area. The officers observed a male subject look in the direction of the police vehicle, turn away from them, and wave frantically at a small white car, shouting "stop, halt, hold up, please". The officers then noticed that the small white car, which Officer Bardy observed had a Kenner brake tag, attempt to pull out from the curb. Officer Bardy stated that he knew from experience that rental cars usually have Kenner tags, and are commonly used in drug deals to avoid tracing. The officers pulled the police vehicle around so as to block the path of the small white car. They then observed defendant, the driver of the vehicle, quickly exit the car and move toward the police vehicle. Officer Bardy walked toward the small white car and noticed a large grocery bag on the front passenger seat of the vehicle. He looked into the paper bag and found four large bundles of cocaine packets. Sergeant Evans then placed defendant under arrest.

Errors Patent
Our review of the record for errors patent reveals first that there is no indication that defendant waived the twenty-four hour delay in sentencing after the denial of the motion for new trial. La.C.Cr.P. art. 873. However, defendant has not assigned this as error nor has he shown any prejudice which resulted from his failure to waive the delay. Thus, this error is harmless. State v. Hancock, 502 So.2d 1098 (La.App. 4th Cir.1987).
Secondly, we note that no fine was imposed on defendant as provided by La. R.S. 40:967(F)(a). However, because this error is favorable to the defendant and since the State did not raise this issue on appeal, this court will not correct the sentence. State v. Fraser, 484 So.2d 122 (La. 1986).

Assignment No. 1
By his first assignment, defendant argues that the trial court improperly denied the motion to suppress evidence. Defendant contends that the officers did not have probable cause to stop the vehicle, and that therefore the seizure of cocaine was illegal.
Probable cause to arrest without a warrant exists when the facts and circumstances within the officers' knowledge, or of which he had reasonably trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. *1082 223, 13 L.Ed.2d 142 (1964); State v. Edwards, 406 So.2d 1331 (1982). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. Edwards, supra.
The information used by the police officer in the instant case to establish probable cause was an informant's tip.
In order to determine whether information from a confidential informant established probable cause, the court must apply the "totality of circumstances" test set forth in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The veracity, reliability and basis of knowledge are relevant, rather than controlling, factors in the totality of circumstances. Further, corroboration of details of an informant's tip by independent police investigation is also valuable in applying this test.
We find that the information supplied by the confidential informant in the present case, when viewed under the totality of the circumstances, established probable cause for the warrantless arrest of the defendant.
Evidence adduced at the suppression hearing indicates that Officer Bardy considered this informant to be reliable and accurate, as the informant had previously supplied credible information which had led to subsequent arrests and convictions. Further, the police were able to corroborate the informant's tip by going to the given intersection and observing a male subject frantically yelling "stop" to the occupant of a white vehicle which the police officers believed from experience to be a rental car, commonly used to transport drugs. The officers then observed defendant quickly exit the vehicle and approach the police vehicle. We find that when coupled with the information given by the informant, this activity of defendant and the male subject who was yelling and waving from the street corner once he saw the police was sufficient to arouse the officers' suspicions that defendant may have been engaging in criminal activity.
Moreover, we find it important to note that after receiving the second call from the informant, the officers, who had been waiting a few blocks away, proceeded immediately to the intersection where defendant was found. Very little time passed from when the information was transmitted by the informant to the police and when defendant was found driving the vehicle which contained the narcotics on the front passenger seat.
Hence, not only was the information well corroborated, it was very fresh, indicating a high degree of reliability of the information received. State v. Caballero, 464 So.2d 939 (La.App. 4th Cir.1985) Certainly, this totality of the circumstances established probable cause for a warrantless arrest. Illinois v. Gates, supra. We conclude that the trial judge correctly denied the motion to suppress the evidence. Defendant's assignment has no merit.

Assignment No. 2
Defendant next argues that the evidence was insufficient to find him guilty of possession of cocaine. Specifically, defendant argues that the State failed to prove the elements of knowledge that the narcotics were in the car and intent to possess them.
On appeal, defendant contends that the vehicle and its contents belonged to his son, and that he was only using the car to go to the store. He alleges that he was not aware of the contents of the bag until it was discovered by Officer Bardy.
To support a conviction for possession of a controlled dangerous substance in violation of R.S. 40:967, the State must prove that the defendant was 1) in possession of the illegal drug and 2) that he knowingly possessed the drug. The State need not prove that the defendant was in actual physical possession of the drug found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983).
The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. *1083 Trahan, supra; State v. Johnson, 404 So.2d 239 (La.1981), cert. den. Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). However, a person found in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, supra; State v. Johnson, supra; State v. Smith, 257 La. 1109, 245 So.2d 327 (La.1971). Guilty knowledge is the essential element. State v. Hayes, 488 So.2d 1287 (La.App. 4th Cir.1986). The determination of whether there is possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra, citing State v. Cann, 319 So.2d 396 (La.1975). The fact finder may draw reasonable inferences based on the evidence presented at trial. State v. Edwards, 354 So.2d 1322 (La. 1978).
In this case, the defendant was the sole inhabitant of the car where the drugs were found. Although they were contained in a closed bag, the bag was on the seat right next to defendant. Defendant argues that the car was being primarily used by his son and not him. However, Edwina Taylor, the person in whose name the car was rented, testified at trial that she delivered the car to the defendant for his use. Further, defendant's argument that his son had left a large and valuable package of narcotics unattended in this car without the knowledge of defendant is implausible.
We find that, when viewed in a light most favorable to the prosecution, any rational trier of fact could have found defendant guilty of possession of cocaine beyond a reasonable doubt. That being the standard for appellate review, we find the evidence sufficient to support defendant's conviction. This assignment has no merit.

Assignment No. 3
The defendant argues that the trial court erred in denying a mistrial after it stated defense counsel was wasting time, thereby commenting upon the facts of the case in derivation of La.C.Cr.P. article 772. In support of its position, defendant cites State v. Hammler, 312 So.2d 306 (La.1975), which holds that a trial judge's disparaging remarks or intemperate criticism of defense counsel may constitute reversible error when such remarks adversely influence and prejudice the jury against the defendant. However, in order to constitute reversible error, the effect of the improper comments must be such as to have influenced the jury and contributed to the verdict. Id.
In the present case, the defendant cites the following colloquy between the trial court and defense counsel during defense counsel's attempt to introduce four of a set of eight photographs of the corner of First and Derbigny:
BY THE COURT:
No, what we've admitted to J, C, G and I because those are things that were cross-examined on. Now if you want to offer D, H, E and F, they have not cross-examined.
BY MR. REGAN:
Your Honor, they show
BY THE COURT:
Now, Mr. Regan, we can show the jury now, if you want to waste a lot of time, J, C, G and I, or you can wait until we have cross-examination on D, H, E and F and then show them the whole thing.
We do not find that by this statement the trial court was commenting on the value of the evidence, but was rather attempting to regulate the orderly presentation of evidence to the jury which is within her discretion. Further, given the evidence presented at trial, there is no indication that this comment either influenced the jury or contributed to the verdict. We conclude that this comment does not constitute reversible error, and that the trial court was correct in denying the defendant's motion for mistrial. This assignment lacks merit.

Assignment No. 4
By his final assignment, defendant contends that the court reversibly erred in refusing to grant defendant's motion for mistrial made during the State's closing arguments.
The arguments of counsel are governed by La.C.Cr.P. article 774, which provides:
Art. 774. Argument; scope
The argument shall be confined to evidence admitted, to the lack of evidence, *1084 to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
Before the objectionable remarks will require reversal, the reviewing court must be thoroughly convinced that the jury was influenced by the remarks and that such remarks contributed to the verdict. State v. Jarman, 445 So.2d 1184, 1188 (La.1984).
The defendant complains of the following remarks by the prosecution as going beyond the proper scope of closing argument:
"He's not going to say `that was my dope'. But Pappa where said, `well, if they don't get me, they can't get Junior either'. So, we both go on with our life and make a lot of money selling dope. So that's how the story goes. The deals with the drugs. People die, people get killed, and let me tell you something about dope dealers, too. They don't have any problems with shooting anybody." Tr. p. 54.
The defense objected; the trial court sustained the objection and admonished the jury. The defense immediately moved for mistrial which motion was denied.
The prosecutor's comments are clearly outside of the evidence presented at trial and are improper under the provisions of article 774. Nevertheless, we are not convinced that these remarks inflamed the jury or contributed to the verdict. Rather, the admonition to the jury was sufficient to assure the defendant a fair trial. Given the substantial amount of evidence presented by the State, we find any error in these remarks to be harmless. This assignment is without merit.
Accordingly, for the reasons assigned, we affirm defendant's conviction.
AFFIRMED.