585 So.2d 649 (1991)
STATE of Louisiana
v.
Gregory HARRIS.
No. 89-KA-2209.
Court of Appeal of Louisiana, Fourth Circuit.
August 29, 1991.
*650 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Susan M. Erlanger, Asst. Dist. Atty., for appellee.
Before SCHOTT, BARRY and CIACCIO, JJ.
CIACCIO, Judge.
Defendant, Gregory Harris, was charged by bill of information with possession of cocaine with intent to distribute (Count 1) and possession of marijuana with intent to distribute (Count 2). He pled not guilty to both counts, and on September 5-6, 1984, he was tried by a twelve-person jury. The jury found defendant guilty of possession of cocaine and possession of marijuana. The State filed a multiple bill, and the hearing thereon was held October 19, 1984. Defendant pled guilty to the multiple bill and was sentenced to twenty months in parish prison without benefit for good time on Count 1 and to six months in parish prison on Count 2, with the sentences to run concurrently. Defendant moved for an appeal on December 19, 1984; however, the record was not lodged in this court until November 28, 1989. Defendant's brief was filed March 18, 1991; the State's brief was filed June 21, 1991.
FACTS:
On January 27, 1984, Officer Richard Marino obtained a search warrant for the residence of Calvin Harris at 8800 I-10 Service Road, Apartment 6 to search for cocaine, marijuana, and other contraband. At approximately 2:45 p.m., Officer Marino and Officer Forrest Austin executed the search warrant. When they entered the apartment through the kitchen door, they saw two men, defendant and Stafford Durrell, seated at the kitchen table. Another man, Calvin Harris, defendant's brother, was standing at the kitchen sink inhaling from a glass jar which had a rag across the top.
On the kitchen table were a plastic bag containing cocaine, a package of Kool cigarettes which actually contained fifty-four marijuana cigarettes, and two plates, one of which had a powdery residue which later tested positive for cocaine. The officers also found $339.00 in cash, a scale, a rum bottle, cotton balls, a jar, the cap from the rum bottle, and baking soda on the table. More cocaine and drug paraphernalia were found in a bedroom.
The apartment was leased to Calvin Harris, and a NOPSI bill found in the apartment was addressed to him. Officer David Peralta, qualified as an expert witness, testified that the jar, the rum, and the cotton balls would be used for free-basing cocaine.
Defendant testified that he and Durrell had gone to Calvin's apartment to eat chicken dinners that they had picked up before going to Calvin's. He said that the *651 chicken boxes and cold drinks were the only things on the kitchen table when the police entered. He denied ever using drugs and denied knowing that any drugs were in the apartment.
ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, defendant complains that the State failed to prove his guilt of either offense beyond a reasonable doubt. He argues that the State failed to show that he possessed the cocaine and the marijuana and that he knowingly possessed those drugs. He claims that he was only a visitor in his brother's apartment and that the State presented no evidence showing he had dominion and control over the cocaine and marijuana or that he knew the cigarette package contained the marijuana cigarettes.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982). To support a conviction for possession of either cocaine or marijuana, the State must prove that the defendant was in possession of the contraband and that he knowingly possessed it. R.S. 40:966; R.S. 40:967. It is not necessary that the State prove that the defendant had actual physical possession of the drugs; proof of constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Jamison, 565 So.2d 1080 (La.App. 4th Cir.1990). Neither the mere presence of the defendant in an area where drugs have been found nor the mere fact that he knows the person in actual possession is sufficient to prove constructive possession. State v. Bell, 566 So.2d 959 (La.1990); State v. Walker, 514 So.2d 602 (La.App. 4th Cir.1987). Nevertheless, a person found in the area of the contraband is considered in constructive possession if it is subject to his dominion and control. State v. Trahan, supra. Also, the defendant can have constructive possession if he jointly possesses the drug with a companion and if he willfully and knowingly shares with his companion the right to control of the drugs. State v. Walker, supra.
There are several factors to be considered in determining whether the defendant exercised dominion and control so as to constitute constructive possession. Those factors include: the defendant's knowledge that illegal drugs were in the area; the defendant's relationship with the person in actual possession; the defendant's access to the area where the drugs were found; evidence of recent drug use; the defendant's proximity to the drugs; and any evidence that the residence was frequented by drug users. Bujol v. Cain, 713 F.2d 112 (5th Cir.1983); State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990); State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ denied 450 So.2d 644 (La.1984).
We have carefully reviewed the record in this case and find the State proved beyond a reasonable doubt that defendant had constructive possession of both the cocaine and marijuana. Although defendant did not reside in the apartment, the evidence was sufficient to establish that defendant exercised joint dominion and control over the drugs. The police found defendant in his brother's apartment sitting at the kitchen table where cocaine was openly displayed and easily accessible. Defendant's brother was nearby free-basing cocaine when the police entered, and drug paraphernalia was on the kitchen table. The fifty-four marijuana cigarettes were crammed into a regular cigarette package which Officer Marino said did not look like a normal pack of cigarettes. From the evidence presented at trial, the jury could have reasonably concluded that defendant was aware of the contraband sitting on the table in front of him. We find the evidence sufficient that defendant knowingly possessed the drugs in question. This assignment of error is without merit.
*652 ASSIGNMENT OF ERROR NO. 2:
In his second assignment of error, defendant complains that the trial court erred by failing to advise him of his rights under R.S. 15:529.1 prior to his pleading guilty to the multiple bill. Although the minute entry of the multiple bill hearing does not indicate that the trial court specifically advised defendant of his right to remain silent, we need not remand for resentencing as defendant has completed his sentence and was released from incarceration on June 20, 1986 as is evidenced by a verification from the criminal sheriff's office which is attached to the State's brief. This argument is therefore moot.
ASSIGNMENT OF ERROR NO. 3:
In his final assignment of error, defendant complains that the trial court erred in imposing sentence without benefit of good time. Defendant's sentence for possession of cocaine was imposed without benefit of good time, and defendant argues that it is not up to the trial court to determine whether a defendant is eligible for good time.
Although we find this argument to have merit, we nonetheless find it unnecessary to correct the sentence as defendant has completed the sentence and was released from custody. This argument is also moot.
Accordingly, defendant's convictions and sentences are affirmed.
AFFIRMED.