JiKLIEBERT, Chief Judge.
In this criminal matter, the defendant, Nannette Napier, appeals the trial court’s imposition of the remainder of her original sentence, after she was ordered to serve an amended sentence. For the reasons below, we find that this appeal is moot and hence dismiss same.
The defendant was charged by bill of information filed on December 4, 1992 with theft of goods valued at $100.00 to $500.00 in violation of LSA-R.S. 14:67.10. When arraigned on June 18, 1993, the defendant entered a plea of not guilty. On August 20, 1993, the defendant withdrew her former plea of not guilty and entered a plea, of guilty as charged. The trial judge conducted a full Boykin colloquy with the defendant, as evidenced by the record. In • accordance with the-terms of a plea agreement, the trial court sentenced the defendant to serve 90 days in the Jefferson Parish Correctional Center, and the court ordered the sentence to be served on weekends beginning on August 27, 1993. The court further ordered that the defendant be given credit for time served.
The defendant filed a motion to modify her sentence on the basis of medical problems she was having with her right foot. On April 28, 1994, the trial court modified the defendant’s sentence 12by sentencing the defendant to serve 30 days in the Battered Women’s Clinic. The court also informed the defendant that in the event that she did not comply with the modified sentence, she would *28 serve the remainder of the original 90-day sentence.
On June 23, 1994, the defendant appeared before the trial court for a sentencing review. After finding that the defendant did not complete the program at the Battered Women’s Clinic, the trial court ordered the defendant to serve the remainder of her 90-day sentence in the Jefferson Parish Correctional Center. The defendant was then remanded to the Correctional Center, where she served time until she was released by the Correctional Center on July 11, 1994.
The defendant is now before this Court appealing the trial court’s imposition of the remainder of the sentence.
The defendant contends that the trial court erred by ordering her to serve the remainder of her 90-day sentence.
Because the defendant has completed the sentence and was released from incarceration on July 11,1994, as is evidenced by a copy of the release form from the Jefferson Parish Correctional Center which is attached to the State’s brief, this assignment is therefore moot. See State v. Harris, 585 So.2d 649 (La.App. 4th Cir.1991), where the court found that the defendant’s claims that the trial court failed to advise him of his rights before he pled guilty to the multiple bill and that the court erred in imposing sentence without benefit of good time were rendered moot by defendant’s completion of his sentence and his release from custody, as was evidenced by a verification from the criminal sheriffs office which was attached to the State’s brief.
We have also conducted a review for errors patent in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Godejohn, 425 So.2d 750 (La.1983), and find none.
Therefore, for the reasons assigned, we find that this appeal is moot and hence dismiss same.

APPEAL DISMISSED.