665 So.2d 1224 (1995)
STATE of Louisiana
v.
Larry D. ADDISON.
No. 94-KA-2431.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1995.
*1225 Harry F. Connick, District Attorney, Susan M. Erlanger, Assistant District Attorney, Amy Knoll, Law Clerk, New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before LOBRANO, JONES and MURRAY, JJ.
LOBRANO, Judge.
The defendant, Larry D. Addison, was charged by bill of information with possession of more than 200 but less than 400 grams of cocaine, a violation of Louisiana Revised Statute 40:967.[1]
On January 25, 1993, defendant pled not guilty. On July 28, 1994, following a trial by jury, defendant was found guilty as charged.
On September 9, 1994, defendant filed a motion for post verdict judgment of acquittal which was denied by the trial court. Defendant *1226 waived all delays and was sentenced to fifteen (15) years at hard labor without benefit of parole, probation or suspension of sentence with credit for time served. In addition, defendant was fined $100,000.00.

FACTS:
On November 6, 1992, during a routine check of the Federal Express Package delivery facility on Washington Avenue, a drug detention canine "alerted" to a package from Miami, Florida. The package was sent from "Richard Addison" and addressed to "Gail Addison", 5501 Tullis Drive, Building 5, Apartment 302, New Orleans, Louisiana. Sergeant Wayne Jusselin, who was in charge of the canine, prepared and obtained a search warrant to open the package which was the size of a shoe box.
After obtaining the warrant, the package was opened. It contained newspaper, a pair of tennis shoes, coffee grounds and a large plastic bag containing a white powder. The officers conducting the search removed the bag of white powder and tested a small sample. The sample tested positive for cocaine. A small amount of the cocaine, less then 2 grams, was placed back into the box. The remainder of the cocaine was kept by the officers.
The officers then obtained a search warrant for the Tullis Drive address. Detective Howard Gay, dressed in a Federal Express delivery uniform and accompanied by several other officers, went to the address on Tullis Drive to deliver the package. Defendant answered the door, accepted the package and paid for the delivery charge with a check. The officers then waited several minutes keeping surveillance on the apartment. During that time, they observed Rosalind Davis exit the apartment. The officers detained Davis in the parking lot. The officers, accompanied by Detective Charles Watkins, who also provided security for the building, approached the door of the apartment and shouted "maintenance". Watkins then attempted to open the door with a pass key but was unable to do so. The officers then shouted "police with a search warrant". When they received no answer, the officers forced entry into the apartment. Defendant was observed standing in the kitchen with the opened package on top of the kitchen counter. Also on the counter was a briefcase and a .357 magnum hand gun.
Inside the briefcase was a quarter ounce of cocaine of a slightly different color, a glass beaker with white power residue on the bottom, a saucer containing white powder residue, white incense powder, and a black Dearing gram scale. In the bedroom, the officers found a loaded MAC 11 machine gun pistol and a cellular phone. Other papers, packages, tennis shoes and cancelled checks written by defendant to Federal Express were found indicating that defendant had received similar packages in the past. The officers also found a utility bill, cable television bill and telephone bill for the apartment in defendant's name. Many of the long distance telephone calls were to Miami, Florida. In addition, the officers found a hotel bill from a Miami hotel in defendant's name and a transfer of money to the hotel room. The search also revealed a beeper in the name of Gail Addison and a receipt for it signed by defendant, a rental contract for furniture for the apartment in the name of Rosalind Davis and $800.00 in twenty dollar bills. A search of defendant's person revealed a beeper. Defendant was then arrested for possession of cocaine.
Defendant appeals his conviction and sentence asserting the following assignments of error.[2]
1) The trial court erred by ordering the denial of parole for defendant's entire sentence;
2) The magistrate erred by issuing a warrant that was not based on probable cause;
3) Defendant's conviction is based on insufficient evidence;
4) The trial court erred in admitting the guns, the cellular phone and the $800.00 into evidence.

*1227 ASSIGNMENT OF ERROR 2.:[3]
Defendant argues that the search warrant issued by the magistrate for the search of the package was not based on probable cause. We disagree.
In United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), the United States Supreme Court addressed the issue of detection canine searches within the meaning of the Fourth Amendment.[4] The Court stated:
The Fourth Amendment `protects people from unreasonable government intrusions into their legitimate expectations of privacy.' United States v. Chadwick, 433 U.S., at 7, 97 S.Ct., at 2481. We have affirmed that a person possesses a privacy interest in the contents of personal luggage that is protected by the Fourth Amendment. Id. at 13, 97 S.Ct., at 2484. A "canine sniff" by a well-trained narcotics detection dog, however, does not require opening the luggage. It does not expose noncontraband items that otherwise would remain hidden from public view, as does, for example, an officer's rummaging through the contents of the luggage. Thus, the manner in which information is obtained through this investigative technique is much less intrusive than a typical search. Moreover, the sniff discloses only the presence or absence of narcotics, a contraband item. Thus, despite the fact that the sniff tells the authorities something about the contents of the luggage, the information obtained is limited. This limited disclosure also ensures that the owner of the property is not subjected to the embarrassment and inconvenience entailed in less discriminate and more intrusive investigative methods.
In these respects, the canine sniff is sui generis. We are aware of no other investigative procedure that is so limited both in the manner in which the information is obtained and in the content of the information revealed by the procedure. Therefore, we conclude that the particular course of investigation that the agents intended to pursue hereexposure of respondent's luggage, which was located in a public place, to a trained caninedid not constitute a "search" within the meaning of the Fourth Amendment. Id. at 706-707, 103 S.Ct. at 2644-2645. See also, United States v. Jacobsen, 466 U.S. 109, 123, 104 S.Ct. 1652, 1663 (1984).
In State v. Rose, 607 So.2d 974 (La.App. 4th Cir.1992), writ denied, 612 So.2d 97 (La. 1993) and State v. Philippoff, 588 So.2d 778 (La.App. 4th Cir.1991), this court relying on Place and Jacobsen, held that the narcotics officers did not have to show articulable suspicion in order to use the narcotic detection canines. In both cases, the affidavits stated that the trained canine "alerted" on the package. This was sufficient to establish probable cause to obtain a warrant to search the suspicious package and to subsequently obtain a warrant to search the delivery address once the contraband was discovered.[5] Clearly, probable cause existed to search both the package and the delivery address.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 3:
Defendant asserts the evidence was insufficient to support his conviction. Specifically, *1228 defendant argues that there is no evidence that he possessed the entire bag of cocaine but only the small sample delivered by the officers.
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4th Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green, supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La.R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the contraband and that he knowingly possessed it. LSA R.S. 40:967. It is not necessary that the State prove that the defendant had actual physical possession of the drugs; proof of constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Harris, 585 So.2d 649 (La.App. 4th Cir.1991). Neither the mere presence of the defendant in an area where drugs have been found nor the mere fact that he knows the person in actual possession is sufficient to prove constructive possession. State v. Harris, supra, citing State v. Bell, 566 So.2d 959 (La.1990) and State v. Walker, 514 So.2d 602 (La.App. 4th Cir.1987). Nevertheless, a person found in the area of the contraband is considered in constructive possession if it is subject to his dominion and control. State v. Harris, supra, citing State v. Trahan, supra.
There are several factors to be considered in determining whether the defendant exercised dominion and control so as to constitute constructive possession. These factors include: the defendant's knowledge that illegal drugs were in the area; the defendant's relationship with the person in actual possession; the defendant's access to the area where the drugs were found; evidence of recent drug use; the defendant's proximity to the drugs; and any evidence that the residence was frequented by drug users. State v. Harris, supra, citing Bujol v. Cain, 713 F.2d 112 (5th Cir.1983), cert. den. 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984) and State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990).
In the instant case, the majority of the drugs in the Federal Express package had been removed before delivery to the defendant. There is no evidence to substantiate defendant's actual or constructive possession *1229 of those drugs.[6] The evidence is insufficient that defendant possessed over two hundred grams of cocaine.
The evidence is sufficient however to support a finding that defendant was in possession of the small sample left in the package of less than two grams and the quarter ounce, less then seven grams, found in the briefcase.
The testimony and evidence reveals that defendant was the only person who lived in the apartment. Documentation seized from the apartment supports this conclusion. Even if defendant shared the apartment with others, he could be found in constructive possession if he jointly possesses the drugs with the companion and if he willfully and knowingly shares with his companion the right to control of the drugs. State v. Harris, supra, citing State v. Walker, supra.
Because the evidence presented proves only that defendant possessed less then ten grams of cocaine, defendant's conviction could only have been for the lesser included offense of simple possession of cocaine.

ASSIGNMENT OF ERROR 4:
Defendant asserts it was error for the trial court to have admitted into evidence the guns, cellular phone and $800.00 in cash. The thrust of defendant's argument is that this evidence constituted evidence of other crimes and led the jury to believe that defendant was a drug dealer. From the record it appears that the State presented the evidence to show defendant's intent to possess the drugs. Nevertheless, defendant failed to object at trial to the admission of this evidence. As such, defendant waived his right to assert on appeal any error in the trial court's admission of the evidence. C.Cr.Pro. art. 841.
This assignment of error is without merit.
For the foregoing reasons, defendant's conviction and sentence are reversed, and we enter the following decree.

DECREE:
It is hereby ordered, adjudged and decreed that a conviction for simple possession be entered against defendant. La.C.Cr.Pro. art. 821(E). The case is hereby remanded for re-sentencing consistent with this opinion.
CONVICTION AND SENTENCE FOR POSSESSION OF MORE THAN 200 GRAMS OF COCAINEREVERSED; CONVICTION RENDERED FOR SIMPLE POSSESSION OF COCAINE; REMANDED FOR SENTENCING.
NOTES
[1] Charged with the defendant was his fiance', Rosalind Davis. Davis was subsequently found not guilty.
[2] In his pro-se brief, defendant asserts a number of assignments of error. However, only those which were briefed and argued are addressed on appeal. Those neither briefed nor argued are deemed waived on appeal. State v. Batiste, 561 So.2d 999 (La.App. 4th Cir.1990).
[3] Because of the result we reach, it is not necessary to discuss assignment of error 1.
[4] In Place, the defendant arrived at an airport in New York and was detained based upon facts which showed the officers had reasonable suspicion of him. The officers allowed the defendant to leave, but they detained his luggage and sent it to another New York airport. While there, a detection canine "alerted" to the package. The Court found the seizure of this luggage and its transportation to the other airport for the inspection by the canine were supported by the officers' reasonable suspicion of the defendant.
[5] In Philippoff, narcotics officers obtained a warrant to search a suspicious package after two certified narcotics canines separately "alerted" on the package. The package was found to contain one pound of marijuana. A subsequent warrant was obtained to search the delivery address after defendant accepted a controlled delivery of the package.

The facts in Rose are similar. A trained narcotics canine "alerted" on two packages at the El Paso Texas UPS terminal. A warrant was obtained for the search of the packages. The search revealed 21.5 pounds of marijuana. A subsequent warrant was obtained for the New Orleans delivery address. Defendant was arrested after accepting the package.
[6] These facts are distinguishable from those in State v. Rose and State v. Philippoff, supra, where the entire contents of the package were delivered, and then defendant was arrested.