11JONES, Judge.
The appellant, Eric Smith, and a co-defendant Patrick Thompson were charged by bill of information with possession with the intent to distribute cocaine. After trial, defendant Thompson was found guilty as charged. The jury deadlocked as to defendant Smith, and the matter was scheduled for retrial as to Smith only. The appellant was convicted of attempted possession of cocaine at his second trial. He was originally sentenced to serve thirty months at hard labor, however, that sentence was vacated after the appellant admitted to the allegations in the multiple bill. He was subsequently sentenced to serve forty months at hard labor. He appeals.
On August 8, 1994, several officers were called to the intersection of Thalia and Clara Streets in New Orleans in response to citizens’ complaints of drug activity at this location. As the officers arrived, they saw Patrick Thompson change direction and begin to walk away, alerting their suspicions. As the officers followed Thompson, he walked into an alleyway alongside 1401 Clara Street and discarded a piece of plastic found to contain about thirty packets of cocaine. ^Officers apprehended Thompson as he was attempting to enter the rear door of the residence. He was arrested in the kitchen area just inside the rear door. On one side of the kitchen was a large amount of cocaine spread across a table top. A hand gun was on the kitchen counter. Through a small doorway past the cocaine-covered table was a small, sparsely furnished bedroom where the officers found the appellant sitting on the bed, with two other people. Officer Michael Harrison testified that the large amount of cocaine on the kitchen table could be seen from inside the bedroom where the appellant was found. None of the occupants owned or leased the residence nor did they know the identity of the owner. There was no cocaine or other contraband found in the room where the appellant was sitting.
The appellant testified that he arrived at 1401 Clara Street after receiving a message that his friend, Patrick Thompson, wanted him to meet at this location because some girls were waiting for him. The appellant testified that he knocked at the front door and was let inside the house by Dionne Al-gere. According to the appellant, she called Patrick Thompson, who walked with the appellant to the back bedroom. The appellant testified that he did not see the drugs on the *1083 kitchen table when he walked through the kitchen and that he was playing a video game in the back bedroom with the two girls when the officers entered the residence and arrested him.
A review of the record for error patent reveals none.
By the appellant’s single assignment of error he contends that the evidence introduced at trial was insufficient to support his conviction of attempted possession of cocaine. Specifically, the appellant argues that the evidence did not show that he was aware of the cocaine in the kitchen or that he possessed or attempted to possess the cocaine.
|3The standard of review of a claim of insufficient evidence in a drug possession case was set forth by this Court in State v. Harris, 585 So.2d 649, 650 (La.App. 4th Cir. 1991):
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). To support a conviction for possession of either cocaine or marijuana, the State must prove that the defendant was in possession of the contraband and that he knowingly possessed it. E.S. 40:966; R.S. 40:967. It is not necessary that the State prove that the defendant had actual physical possession of the drugs; proof of constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Jamison, 565 So.2d 1080 (La.App. 4th Cir.1990). Neither the mere presence of the defendant in an area where drugs have been found nor the mere fact that he knows the person in actual possession is sufficient to prove constructive possession. State v. Bell, 566 So.2d 959 (La.1990); State v. Walker, 514 So.2d 602 (La.App. 4th Cir.1987). Nevertheless, a person found in the area of the contraband is considered in constructive possession if it is subject to his dominion and control. State v. Trahan, supra. Also, the defendant can have constructive possession if he jointly possesses the drug with a companion and if he willfully and knowingly shares with his companion the right to control of the drugs. State v. Walker, supra.
There are several factors to be considered in determining whether the defendant exercised dominion and control so as to constitute constructive possession. Those factors include: the defendant’s knowledge that illegal drugs were in the area; the defendant’s relationship with the person in actual possession; the defendant’s access to the area where the drugs were found; evidence of recent drug use; the defendant’s proximity to the drugs; and any evidence that the residence was frequented by drug users. Bujol v. Cain, 713 F.2d 112 (5th Cir.1983); State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990); State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ denied 450 So.2d 644 (La.1984).
In two cases with facts substantially similar to the facts of the present case, Louisiana appellate courts reversed the defendants’ convictions and sentences; State ┴4 Harris, 597 So.2d 1105 (La.App. 2nd Cir.1992) and State v. Jackson, 557 So.2d 1034 (La.App. 4th Cir.1990). In Jackson, this Court reversed the defendant’s conviction of attempted possession of cocaine. In Jackson, police officers followed Mr. Lee Steele who was acting suspiciously. Steele threw a match box to the ground, which police officers retrieved and found that the match box contained drugs. The police chased Steele into a small apartment where the officers saw defendant Jackson standing next to a “little podium-type homemade bar”, on top of which officers found a glass pipe with cocaine residue and other drug paraphernalia. This Court, with Judge Williams concurring, reversed the defendant’s conviction stating:
“in this ease the only possible evidence to support a finding that the defendant exercised dominion and control over the drugs was that she was standing next to the paraphernalia which had traces and residue of cocaine. There was no evidence that the residue-containing pipe was warm, that the defendant’s fingerprints were on *1084 any item, that the defendant tested positive for cocaine, or that the defendant was anything more than a guest in the apartment. We conclude that the evidence is legally insufficient to establish that the defendant exercised any dominion or control over the objects which had residue and traces of cocaine.”
Jackson, 557 So.2d at 1035-1036.
In State v. Harris, four persons were in a house when police officers arrived to investigate unknown subjects who were reported to have been smoking an illegal substance in the residence and whom the homeowner wanted removed. The defendant did not live in the residence, and when the police arrived, they found cocaine on the floor of the front room behind a couch, behind which the defendant walked and on which the defendant and another person sat when the police first saw them. The Second Circuit stated:
“From these scant facts, the conclusion that the defendant placed the cocaine on the floor, either before or after the police arrived, is not the only ‘reasonable’ conclusion. From the same scant facts, the conclusion is equally ^reasonable’ that the cocaine was placed on the floor by one of the ‘subjects’ who may or may not have been home when the police arrived. Notwithstanding the jury’s conclusion, we find that the State did not reach its burden of proof because the evidence fails to exclude every reasonable hypothesis of defendant’s innocence.”
Harris, 597 So.2d at 1106.
The evidence in the present ease is even weaker than the evidence found insufficient in Harris and Jackson. In the present case the appellant was not found in the same room as the illegal contraband; rather, the áppellant was found in a small bedroom adjacent to the kitchen when the cocaine was found on a tabletop and where a weapon was found on the counter top. There is no evidence linking the appellant to this cocaine. The appellant’s Mend, Patrick Thompson, was seen discarding a packet containing cocaine outside the residence and was arrested in the kitchen where the additional cocaine was found. Although Officer Harrison testified that the cocaine on the kitchen table could be seen from the room in which the defendant was arrested, there was no evidence introduced indicating that the appellant was aware that this cocaine was there or that he exercised dominion or control over the cocaine in the kitchen. Although it may be reasonable to conclude that the appellant might have been aware of the cocaine in the kitchen, it is also a reasonable hypothesis that the cocaine was placed on the kitchen table after the appellant entered the bedroom and began playing the video game. This alternative hypothesis is strengthened by Patrick Thompson’s arrest and conviction for possession with intent to distribute cocaine and his attempt to enter the kitchen when he was followed by the police. Furthermore, even if this Court were to find that the appellant was aware of the cocaine in the kitchen, the State did not produce a scintilla of evidence that he exercised dominion or control over the cocaine.
IfiThe appellee relies on State v. Harris, 585 So.2d 649 (La.App. 4th Cir.1991). The facts of that case are easily distinguishable from the present case. In Harris, the appellant was found sitting at a table where cocaine and drug paraphernalia were “openly displayed and easily accessible”. The defendant’s brother was standing nearby free-basing cocaine when the police entered. In the present case, the appellant was not found in the same room with the cocaine and there was no evidence indicating that the appellant knew that the cocaine was in the kitchen or that he exercised dominion or control over the illegal substance.
Accordingly, the appellant’s conviction and sentence are reversed.

CONVICTION AND SENTENCE REVERSED.