GARRISON, Judge.
The defendant, Tyronne Dabney, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1. After a jury found the defendant guilty as charged, the trial judge sentenced him to the maximum sentence allowable of fifty years at hard labor with credit for time served. Defendant now appeals his conviction and sentence.
On the evening of August 26, 1983, following a St. Augustine High School football game, a group of people gathered at the McDonald’s restaurant on Elysian Fields Avenue and Gentilly Boulevard in New Orleans. Among this group were Merri Cobette and Suzanne Bonseignur, the girlfriend and sister of the victim in this case, Eugene Bonseignur. Ms. Bon-seignur telephoned her brother from McDonald’s and was told by him that he was on his way to McDonald’s to pick up Ms. Cobette. Following this telephone call, Co-bette was verbally and physically harassed by a man later identified as Elliot Ness who was with the defendant at McDonald’s. Cobette and Ness exchanged words until Ness, the defendant and .a man named Charles Bibbs went back into the restaurant.
The victim arrived at McDonald’s shortly thereafter and was informed of the incident by the two women. The victim then went into the restaurant and confronted Ness about the harassment of the women. Ness continued to verbally abuse the two women and when the women and the victim walked out into the parking lot, Ness followed them making more abusive comments about the women.
At that time, the victim and Ness exchanged words and a fight ensued. A crowd gathered around the fight and after someone in the crowd yelled out for someone to shoot the victim, the defendant pulled out a gun and shot the victim at close range. The bullet entered near the victim’s left eye and lodged in the brain. The victim was taken to Hotel Dieu Hospital where emergency surgery was performed and the bullet was removed. He suffered extensive brain damage, remains paralyzed and is unable to speak thereby precluding his ability to testify at trial.
Five witnesses to the shooting selected the defendant’s photograph from a photographic lineup as that of the person who shot the victim. All five of these witnesses testified that the victim and the defendant did not have a verbal or physical confrontation prior to the shooting. Merri Cobette, Charles Bibbs, Darren Walker and Edison Hockaday testified that they saw the de-. fendant shoot the victim. Suzanne Bon-seignur testified that she only saw the defendant pull his hand back after the shoot *1054 ing but that she did not actually see the defendant shoot the victim.
The defendant testified that he was in the McDonald’s parking lot when the shooting occurred but that he did not shoot the victim nor did he see who did the shooting. He denies being in the possession of any weapon that evening. The other defense witnesses testified that they did not see who shot the victim.
On appeal, the defendant first argues that the trial court erred in failing to grant defendant’s motion for mistrial when a State witness referred to the defendant’s arrest record. At trial, the prosecutor questioned Officer Melvin Howard of the New Orleans Police Department about his activities following a telephone call that he received about the shooting on the day after the shooting. The following exchange took place between the prosecutor and Officer Howard:
Q. Without going into the substance, Officer Howard, what did you do as a result of that conversation?
A. As a result of the conversation, I instituted an investigation into the shooting of Eugene Bonseignur and drove to the Fifth District Police Station where I entered into the computer system that we have the name of the defendant seated before bar, Tyronne Dabney, and, the computer came back with the arrest information ...
(Tr. 176-177)
Defense counsel made a motion for mistrial which was denied by the trial judge. Defense counsel then requested an admonition to the jury and the trial judge admonished the jury to disregard Officer Howard’s testimony regarding the defendant’s arrest record stating that the information was totally irrelevant and immaterial to the instant case. Defendant now argues that an admonition was insufficient in this situation and that his motion for mistrial should have been granted.
LSA-C.Cr.P. art. 770 provides, in pertinent part:
“Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ...
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.”
A police officer is not an official of the court and absent a showing of a pattern of unresponsive answers or improper intent by the police officer or prosecutor, an unsolicited, unresponsive reference to another crime allegedly committed by the defendant does not fall within the ambit of Article 770. State v. Tatum, 506 So.2d 584 (La.App. 4th Cir.1987);
LSA-C.Cr.P. art. 771 provides for mistrial when a witness makes an improper remark and the court is “satisfied that an admonition is not sufficient to insure the defendant a fair trial.” However, “a mistrial is a drastic remedy warranted only when an error at trial results in substantial prejudice to a defendant which effectively deprives him of a fair trial.” State v. Payne, 482 So.2d 178 (La.App. 4th Cir.1986), writ denied, 487 So.2d 436 (La.1986). Furthermore, the decision to deny a motion for mistrial is within the discretion of the trial judge and should not be disturbed absent a clear showing of abuse. State v. Nuccio, 454 So.2d 93 (La.1984).
In this case, there has been no showing of an abuse of discretion by the trial judge. The trial judge strongly advised the jury to disregard the statement made by the police officer regarding the arrest information about the defendant. The officer’s remark was, at most, an indirect, unexplained reference to information which the average juror may not have realized pertained to another crime. State v. Liras, 527 So.2d 398 (La.App. 4th Cir.1988). Therefore, this assignment of error is without merit.
*1055 In the second assignment of error, the defendant argues that his sentence is excessive. Defendant received the maximum sentence of fifty years at hard labor for his conviction for attempted second degree murder.
In this case, the trial judge stated that he was basing the defendant’s sentence on the pre-sentence investigation report (which includes detailed information about the defendant and his criminal record including a prior conviction for attempted theft) and the sentencing guidelines of LSA-C.Cr.P. art. 894.1. The trial judge referred to the victim’s once bright future and stated that, “But for all practical purposes, you have killed another human being. You have killed another human being. Only medical science is keeping this other human being alive ... He is nothing more than a vegetable at this stage. He cannot think, breathe, or talk or act like a human being. He is being kept alive artificially.”
Given the circumstances of this ease and the defendant’s criminal record, we do not find that the trial court imposed an excessive sentence. This assignment of error is without merit.
For the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.