594 So.2d 1114 (1992)
STATE of Louisiana
v.
Tommy CAGE.
No. 88-KA-1279.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1992.
*1115 Harry F. Connick, Dist. Atty., Jack Peebles, Asst. Dist. Atty., New Orleans for plaintiff-appellee State.
Robert J. Oberfell, New Orleans, for defendant-appellant Tommy Cage.
Before KLEES, CIACCIO and PLOTKIN, JJ.
KLEES, Judge.
On May 22, 1986 the defendant was charged by bill of information with two counts of armed robbery. Following two mistrials, the defendant was found guilty as charged in count 1 on October 30, 1986. He was found guilty of first degree robbery in count 2 on November 10, 1986. A motion for new trial was denied on August 27, 1987 and the defendant was sentenced to ninety years at hard labor without benefit of probation, parole or suspension of sentence for the armed robbery conviction and forty years at hard labor without benefit of probation, parole or suspension of sentence on the first degree robbery conviction the sentences were to run concurrently.
The defendant appeals both convictions.

COUNT 1
At about 9:45 a.m. on April 10, 1986, Mr. Ernest Brown was outside of St. Philip The Apostle Rectory at 3301 Metropolitan Street waiting to drive the bus for a school picnic, when he observed the defendant walking toward him. The defendant was wearing a black baseball-style cap, a black leather jacket, blue jeans and black shoes. When the defendant was approximately six to eight feet away, Brown said "good morning" and continued walking. When Brown could no longer see the defendant in front of him, he turned and saw him with a red handkerchief on his face. The defendant then stuck a gun into Brown's ribs and told him, "drop your wallet and your watch." Brown emptied his pockets for change, took off his watch and left his wallet, watch, pocket change and $150.00 in food stamps on the ground. The defendant then told him "walk, don't run. If you run I'm going to shoot." Brown walked away and the defendant ran toward Louisa Street. Brown then went inside the rectory and notified the police.
On April 16, Brown recognized the defendant's photograph on television and notified the police. On April 21, he was shown a photo line-up and failed to make an identification. On May 22, Brown made a positive identification of the defendant at a physical line-up at police headquarters.
Officer Lisa Williams conducted the photo line-up with Brown. She testified that Arthur Harrison was the suspect of several robberies in the area at that time and was the target of the photo line-up shown to Brown. She further testified that the defendant's photo was not among those viewed by the victim.

*1116 ERROR PATENT REVIEW
A review of the record for errors patent reveals that the trial court sentenced the defendant immediately after denying his motion for new trial, without observing the delay required by LSA-C.Cr.P. art. 873. Where defendant does not waive the 24-hour delay between the denial of his motion for new trial and sentencing, and does challenge the penalty, on appeal, the sentence must be vacated and the defendant resentenced. State v. Augustine, 555 So.2d 1331 (La.1990). However, as this defendant does not complain of or allege prejudice from this error, it is harmless. State v. Guy, 575 So.2d 429 (La.App. 4th Cir.1991); State v. Jamison, 565 So.2d 1080 (La.App. 4th Cir.1990); State v. Williams, 545 So.2d 1144 (La.App. 4th Cir.1989).

ASSIGNMENT OF ERROR NO. 1
The defendant assigns as error that Officer Lisa Williams was allowed to refer to and read aloud the description given by the victim in the police report, despite the Officer's not having prepared or witnessed the preparation of the report.
Officer Williams conducted the photographic line-up with the victim from which no identification was made. She testified that a different subject, Arthur Harrison, was the suspect for several armed robberies in the area. He was the target of the line-up and the other five photos were fill-ins. Because Harrison does not resemble the defendant in facial feature, build, complexion, or hair type, defense counsel implied that for Officer Williams to have made Arthur Harrison the target of the line-up, the witness's description in the police report must have been much different than the actual physical characteristics of the defendant. On re-direct the state sought to dispel this erroneous implication by having Officer Williams read the description of the defendant in the police report.
Over the objection of defense counsel, the trial court allowed the officer to refresh her memory of the police report. The witness was then allowed to read aloud both the clothing description and the physical description. The clothing description in the police report was identical to the one given by the victim in his testimony. The physical description more closely resembled the characteristics of the defendant than it did Arthur Harrison, the target of the photo line-up.
The trial judge advised that the description in the police report was admitted only to show under what description Officer Williams was acting, as follows:
By Mr. Bertel:
I'd object, judge. This is completely hearsay. She didn't prepare this report. She doesn't know where the information came from.
By the Court:
It is hearsay, but I'm not allowing this hearsay to be admitted for the truth of the matter but simply for the fact that this is the description that she operated under. I would overrule the objection.
Although the description read from the police report is highly prejudicial, it was not admitted to assert the truth of the description, but rather to show the description that Officer Williams was acting upon and to dispel the implication planted by the defense that the description in the police report must have fit the suspect Arthur Harrison and consequently, could not also have fit the defendant. It was therefore properly admitted. Moreover, because the description in the police report was made by the victim, Ernest Brown, who was available for cross-examination at trial, the defendant was not denied the right to confront his accuser.
When reviewing for sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). The defendant was here found guilty of armed robbery, defined by statute as the taking of *1117 anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. L.R.S. 14:64. With or without the description read by Officer Williams from the police report, the evidence in this case was sufficient for a rational jury to conclude beyond a reasonable doubt that the defendant took items of value from the victim, Ernest Brown, by use of force and intimidation and while armed with a dangerous weapon.

COUNT 2
On April 15, 1986 at approximately 2:15 p.m., Yvette Johnson took the Louisa Street bus from Southern University to the intersection of Louisa and Galvez Streets to catch the Galvez bus, when someone put a gun in her back and said, "Give me your jewelry." By the time she turned around, her jewelry had been snatched from her neck.
Johnson identified the defendant as the person who put the gun in her back. She testified that when she felt something in her back, she turned around and saw the gun. She also noticed that the defendant was just about her height of 5'5 and had gold in his mouth. The state had the defendant stand next to the witness for a height comparison and open his mouth for the jury to see the gold there. Ms. Johnson also testified relative to a photo line-up at which she positively identified the defendant as the person who robbed her.

ASSIGNMENT OF ERROR NO. 1
In this assignment the defendant contends that the trial court erred in not declaring a mistrial when the state purposely elicited testimony from its police officer witness indicating that the defendant was already in jail on another criminal charge at the time he was booked with the instant offense.
C.Cr.P. art. 770(2) provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, request that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
The defendant complains of the following interchange which occurred after testimony that the defendant was identified at the photo line-up:
Q. Okay. Now, Detective, I want to draw your attention to April the 18th, 1986.
On that date, did you prepare a warrant for the arrest of Tommy Cage?
A. He was already
Q. Excuse me, Officer. The question is:
Did you prepare a warrant?
A. No, I did not.
Q. Did you actually arrest him?
A. I rebooked him, yes.
BY MR. BERTEL:
I object, Judge, mistrial.
BY THE COURT:
All right. Motion denied. Let's proceed.
The State argues that the testimony was not purposely elicited, and that because a police officer is not a court official within the meaning of C.Cr.P. art. 770, the appropriate remedy for an improper remark is an admonishment to the jury, if requested by the defense.
A police officer's unsolicited, unresponsive reference to another crime alleged to have been committed by a defendant is not the comment of a court official under C.Cr.P. art. 770(2), but such an officer will be held to the same standard if his answers show a pattern of unresponsiveness or improper intent. State v. Harris, 383 So.2d 1 (La.1980); State v. Nuccio, 454 So.2d 93 (La.1984). When a police officer or other witness not an officer of the court *1118 makes an improper remark, C.Cr.P. art. 771 provides that, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard the remark or comment, unless the defendant moves for a mistrial and the court is satisfied that an admonishment is not sufficient to assure the defendant a fair trial. However, a mistrial is a drastic remedy warranted only when an error at trial results in substantial prejudice to a defendant which effectively deprives him of a fair trial. State v. Dabney, 553 So.2d 1052 (La.App. 4th Cir.1989).
In State v. Harris, supra, the officers apparently used restraint in explaining that the defendant was initially taken into custody on "unrelated matters." In State v. Nuccio, supra, the officer made references to a murder charge at the defendant's trial for armed robbery. In neither of those cases did the court find an abuse of discretion in the trial court's denial of a mistrial.
The defense argues that the prosecutor in this case intentionally elicited the improper response, which requires mandatory mistrial under C.Cr.P. art 770 rather than discretionary mistrial or admonishment under C.Cr.P. art. 771. The prosecuting attorney could have simply asked "Did you charge the defendant?" rather than "Did you arrest the defendant?", and thus not provoked the response that the defendant was "rebooked." However, had the prosecutor been intent on revealing the defendant's other charges, he would not have interrupted the officer's answer to the prior question relative to preparing a warrant. The officer there began his answer "He was already...." and one could reasonably presume that he would have concluded with "in custody." Because this case fails to make a clear showing of improper intent on the part of the prosecutor or the officer, no mandatory mistrial is warranted. Further, because the reference to other crimes is non-specific and brief, there is no prejudice and thus no abuse of discretion in the trial court's denial of the defendant's motion for mistrial. This assignment is without merit.

ASSIGNMENT TWO
In his second assignment, the defendant contends that the prosecutor conferred with a witness during the course of her testimony, outside the hearing of the court reporter, and that this improper and unrecorded conversation requires reversal of the conviction.
The off-the-record discussion was noted in the trial transcript as follows:
(Mr. McMAHON TALKS VERY BRIEFLY OFF-THE-RECORD, OUT OF THE HEARING RANGE OF THE COURT REPORTER, TO THE WITNESS)
BY MR. BERTEL:
Judge, I want the discourse between the District Attorney and the witness on the record, not off the record.
BY THE COURT:
Mr. McMahon, you're not allowed to talkPlease do not make any comments to the witness except those
Please don't make any comments.
He has a right to hear all comments
made to the witness.
All right. Let's proceed.
The prosecutor's remarks to the witness were characterized on the record as "very brief" and no prejudice to the substantial rights of the defendant is shown as a result. Accordingly, this conduct of the prosecutor, though irregular and improper, is harmless error. This claim has no merit.
Accordingly, for the reasons expressed above the convictions and sentences of defendant are hereby affirmed.
AFFIRMED.