GAUDIN, Judge.
Kevin Wise was convicted by a jury in the 24th Judicial District Court of first degree robbery, LSA-R.S. 14:64.1. He was sentenced to 30 years at hard labor without benefit of parole, probation or suspension of sentence. We affirm.
On appeal, Wise argues that the trial judge erred in denying the motion for a mistrial premised upon a police officer’s testimony that the automobile from which his (Wise’s) clothing was recovered was wanted in armed robberies.
Also, Wise asks this Court to search for errors patent on the face of the record.
On January 22, 1991, a man later identified as Wise entered a Chevron service station on Terry Parkway in Jefferson Parish. He threatened the attendant and escaped with approximately $40.00 from the cash register. A customer obtained the license number from the get-away vehicle, A-411444.
A police officer stopped a red Mercury Sable bearing this number on May 23,1991. Wise was not in the car but other persons were. The officer seized an oil field jacket with the names “Odeeo” and “Kevin” thereon. Following a police investigation, the service station cashier was shown a photographic lineup. She identified Wise from this lineup and later identified him at trial.
During the trial, the police officer who had stopped Wise’s vehicle, James Broadwater, testified that he acted as he did because of his knowledge that the car was wanted “... in connection with some armed robberies.” This, Wise contends, *220 was an inadmissible and prejudicial reference to other crimes. Wise’s attorney moved for a mistrial in accord with LSA-C.Cr.P. arts. 770 and 771, which state:
ARTICLE 770
PREJUDICIAL REMARKS; BASIS OF MISTRIAL
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
ARTICLE 771
ADMONITION
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant of a fair trial.
Obviously, the police officer’s statement does not fall under Art. 770. Here, the trial judge admonished the jury as Art. 771 directs. The judge said:
“Members of the jury, just before we sequestered you, Officer Broadwater was testifying and he made a comment that they stopped this red car, a red Mercury Sable, because it had been involved in other robberies. I am admonishing you now to disregard that reference to other robberies. Put it out of your mind and complete disregard it the same as if it had not been said. That is irrelevant and immaterial to the matter being tried here today. It is not admissible evidence. You are to base your decision only on evidence that I deem to be admissible and I’m telling you now that this is not admissible evidence. Disregard it the same as if it had never been said. Do not consider it in any respect whatsoever.”
Deputy Broadwater’s remarks were not in direct answer to a prosecutor’s question and were not so prejudicial that Wise could not obtain a fair trial. There was no pattern of unresponsive answers by this witness. Under these circumstances, the trial judge’s sound discretion was not abused by the denial of the mistrial motion, particularly in the light of strong evidence of Wise’s guilt. See State v. Harris, 383 So.2d 1 (La.1980), and State v. Mayer, 589 So.2d 1145 (La.App. 5 Cir.1991).
In our review of the record, we found that Wise was sentenced without the 24-hour delay required by LSA-C.Cr.P. art. 873. However, as Wise neither complained of his sentence nor says he is prejudiced by this mistake, the error is harmless. See *221 State v. Cage, 594 So.2d 1114 (La.App. 4 Cir.1992).
AFFIRMED.