618 So.2d 551 (1993)
STATE of Louisiana
v.
Bernard J. LEE.
No. 92-KA-1392.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 1993.
*552 Harry F. Connick, Dist. Atty., David L. Arena, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BARRY, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Defendant, Bernard Lee, was charged by bill of information with burglary of an inhabited dwelling and being a convicted felon in possession of a firearm, violations of Louisiana Revised Statute 14:62.2 and 14:95.1, respectfully.
Defendant was arraigned on December 12, 1991 and pled not guilty on both counts. Subsequently, the state severed both counts. On May 18, 1992, following trial on the merits, defendant was found guilty as charged of being a convicted felon in possession of a firearm. On May 21, 1992, defendant was sentenced to serve ten (10) years at hard labor without benefit of parole, probation or suspension of sentence.

FACTS:
On November 2, 1991, Yolanda Lewis of 3315 Martin Luther King Boulevard, heard someone calling for her sister, Dedra from the street. She looked through the window and upon discovering that it was the defendant, yelled back that her sister was not home. Defendant responded by cursing, accusing her of being a liar, waved a gun in the air and said he "had something" for Dedra. Dedra, defendant's former girlfriend, was across the street from the apartment buying sandwiches. Yolanda telephoned Dedra and told her to look outside the shop window. When Dedra did so she saw defendant with a gun.
Officer Charles Henry and Terrence White responded to the call. Upon arrival, the officers, who had been given a description of defendant, observed defendant walking away from the area. They exited their car and approached defendant. As they did so, defendant reached into his waistband and threw a pistol to the ground which was later retrieved by the officers. Defendant was then transported to 3315 Martin Luther King Boulevard, where the victim, Yolanda Lewis identified defendant as the man with the gun.
At trial, defendant testified that he never had a gun. He admitted that a gun was found in the area but claimed the police charged him with its possession because they believed that he was the Bernard Lee who testified in federal court against NOPD Officers Revard Smith and David Singleton with Officer Smith saying, "I'm gong to make sure you don't never rat on another police officer."
Defendant stated he lived with Dedra Lewis about one month and that the relationship ended when he confronted her about her drug problem. He testified that Ms. Lewis began calling the police and filing complaints against him after he confronted her. He also testified that all the lay witnesses for the prosecution had participated in the theft of his jewelry to obtain money for their crack cocaine habit.
Defendant appeals his conviction and sentence asserting:

*553 1) The trial court erred in refusing the defendant's request for a mistrial when the state made repeated references to other charges pending against the defendant.
2) The trial court erred by imposing a constitutionally excessive sentence.
ASSIGNMENT OF ERROR 1:
The defendant argues that the trial court erred in denying his request for a mistrial when the state repeatedly elicited the fact that the defendant was wanted on other charges. The defendant refers to a statement made by Officer Terrence White as he was concluding his recitation of the arrest and subsequent follow up. Officer White stated, "We relocated to the station where we ran the gun through the computer, and we checked our reports and bulletins, because we was [sic] informed by the victim that the subject was also wanted for a prior offense." Defense counsel's request for mistrial was denied by the trial judge. Defense counsel did not request an admonition. The appellant next cites testimony by Yolanda Lewis which was solicited during cross-examination by defense counsel. Defense counsel asked, "Had your sister reported Bernard Lee for prior crimes?" Yolanda Lewis responded, "Yes, she did. He had been in jail for about three or four months." Later, Dedra Lewis testified that she ended her relationship with the defendant when the defendant began beating her. Appellant argues that these statements by witnesses were deliberately elicited by the prosecution or deliberately made by witnesses so as to require a mistrial under C.Cr.P. Article 770.

C.Cr.P. Article 770 mandates a mistrial when the judge, district attorney, or court official during trial or in argument refers to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. State v. Torres, 580 So.2d 1064 (La.App. 4th Cir.1991). A police officer is not a "court official" under C.Cr.P. Article 770. State v. Tatum, 506 So.2d 584 (La.App. 4th Cir.1987). Absent a showing of a pattern of unresponsive answers or improper intent by the prosecutor, a mistrial is not warranted. Id. Furthermore, a mistrial is a drastic remedy, warranted only when an error in trial results in substantial prejudice to a defendant which effectively deprives him of a fair trial. State v. Cage, 594 So.2d 1114 (La.App. 4th Cir.1992).
In the present case, Officer Terrence White's reference to another offense was very general and brief and certainly did not indicate a "pattern" of unresponsive answers or an improper intent on the part of the officer or the prosecutor. The defendant failed to establish that Ms. Dedra Lewis' testimony evidenced a pattern of unresponsive answers or an improper intent. Ms. Lewis answered the prosecutor's question regarding the precipitating factor of the breakup between her and the defendant. It was not until the defense counsel cross-examined Ms. Lewis that the details of the defendant's other offenses were exposed for the jury's consideration.
This assignment is without merit.
ASSIGNMENT OF ERROR 2:
Defendant asserts the trial court erred in sentencing him to the maximum time provided by law. However, defendant has failed to preserve this issue for appeal because he did not file a motion to reconsider the sentence according to Code of Criminal Procedure Article 881.1. Section D of that article provides:
"D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."
For the reasons assigned above, defendant's conviction and sentence is affirmed.
AFFIRMED.