GAUDIN, Judge.
Following a two-day jury trial in the 24th Judicial District Court, Troy Brown was convicted of the June 6, 1991 armed robbery of Lawrence Stepteaux and sentenced to 20 years at hard labor without parole, probation or suspension of sentence. We affirm.
Brown’s major assignment of error is that the trial judge erred in denying his motion to suppress evidence.
At the suppression hearing, Felix Joseph of the New Orleans Police Depart *861 ment testified that on the evening of June 24, 1991, approximately two and a half weeks after the armed robbery, he was on patrol with his partner and several members of the narcotics division. On reaching the 2100 block of Whitney Avenue in Algiers, they observed Brown holding a pistol in his hand. When Brown saw the police officers, he inserted the weapon in his waistband and began walking off at a fast pace. When ordered to stop, Brown began to run with Joseph, on foot, in pursuit.
Brown, followed by Joseph, ran into a nearby apartment building and into a third floor apartment. Joseph said he saw Brown toss the pistol onto a bed and then go into a bathroom, locking the door. Joseph confiscated the gun and Brown subsequently surrendered.
Brown contends that the pistol was abandoned in response to an unjustified intrusion. He cites Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and several Louisiana cases, including State v. Williams, 421 So.2d 874 (La.1982), stating that mere suspicion is not a sufficient basis for police interference.
Here, however, the police officer had more than suspicion. He saw what appeared to be and in fact was a .357 Colt revolver. Prior to his trial for armed robbery in the 24th Judicial District Court, Brown pled guilty in Orleans Parish to carrying a concealed weapon without trying to have the pistol suppressed as evidence.
As the conclusion of the suppression hearing in Jefferson Parish, the trial judge said:
“The Court finds that the Motion To Suppress is denied, the Court finding that the gun is obtained lawfully by the Officer Joseph, that he observed it in plain view on the defendant, chased him, observed that it was thrown on the bed by the defendant, and retrieved by Officer Joseph. The Court finds that this is satisfactory to deny the Motion To Suppress. In addition to this the Court also has State Exhibit I wherein the defendant pled guilty to possessing this exact gun in Orleans Parish and for which he was given prison time for by Judge Winsberg. The Court also takes that into consideration, that that is an admission by the defendant, judicial admission by the defendant, and the Court also bases its reasons to suppress this evidence.”
Once the police officer saw the pistol and then saw Brown place the weapon inside his waistband, there was probable cause for an arrest. Thus, Joseph had the right to pursue Brown and also the right to seize the weapon he (Joseph) saw Brown abandon. See State v. Franklin, 353 So.2d 1315 (La.1978).
There is one error patent. Brown was sentenced without the court allowing a 24-hour delay after his motion for a new trial was denied, in violation of LSA-C.Cr.P. art. 873. However, as appellant neither complains about his sentence nor alleges prejudice because he wasn’t given a 24-hour delay, the error is harmless. See State v. Cage, 594 So.2d 1114 (La.App. 4 Cir.1992).
AFFIRMED.