11 KLEES, Judge.
On January 31, 1992, defendant was charged by bill of information with forcible rape. On February 12, 1992, defendant was arraigned and pled not guilty. On June 24, 1992, a twelve member jury found defendant guilty of sexual battery. R.S. 14:43.1. Defendant filed a motion for new trial and a motion in arrest of judgment. The trial court denied the motions on September 30, 1992, and immediately sentenced defendant to ten years at hard labor. This appeal follows.

ERRORS PATENT:

La.Code Crim.P. art. 873 provides for a twenty-four hour delay after a motion in arrest of judgment or a motion for new trial is denied before a defendant can be sentenced. Defendant filed both motions and there is no evidence that defendant waived the delay when the motions were denied on September 30, 1992. The trial court sentenced defendant that day. In so doing the trial court erred. Such an error is harmless where no error is raised as to the defendant’s sentence. State v. Thomas, 620 So.2d 469, 472 (La.App. 4th Cir.), writ denied, 625 So.2d 1062 (1993). However, here defendant argues his sentence is excessive and therefore the case must be remanded for resentencing. State v. Augustine, 555 So.2d 1331, 1333 (La.1990).

FACTS:

Defendant’s daughter testified that when she was thirteen defendant began touching her sex organs and having sexual intercourse with her without her consent. When she was *291 nineteen, she became upset with her father and confided to a school friend. Her friend told the child’s mother. The mother confronted defendant, and he made remarks implicating himself. The mother contacted the NOPD rape division. Defendant was arrested at his home and was advised of his Miranda rights. Defendant admitted having sexual relations with his daughter, but said he thought she was over seventeen.
| ⅞At trial, defendant denied molesting the victim or having sexual relations with her. Defendant denied confessing to his wife and to the police.

ASSIGNMENT:

In his sole assignment of error, defendant argues that his sentence is excessive. However, the record does not contain an objection to the sentence nor does it contain a motion to reconsider the sentence pursuant to La.Code Crim.P. art. 881.1(D) which provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or form urging any ground not raised in the motion on appeal or review.
Thus the issue is not preserved for appeal and defendant is precluded from raising it. State v. Lee, 618 So.2d 551, 553 (La.App. 4th Cir.), writ denied, 624 So.2d 1222 (1993). This assignment is without merit.
Accordingly, defendant’s conviction is affirmed, his sentence is vacated and remanded for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.