**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-391

STATE OF LOUISIANA

VERSUS

AMAR ST. GERMAIN

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 00-205523
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and J. David Painter, Judges.

AFFIRMED AS AMENDED.

Randall P. Serrett
Jeffrey J. Trosclair
District Attorney's Office
St. Mary Parish Courthouse
Franklin, LA 70538
Counsel for State of Louisiana

Richard A. Spears
P.O. Box 11858
New Iberia, LA 70560
Counsel for Defendant-Appellant:
    Amar St. Germain

**PAINTER, Judge.**

Defendant, Amar St. Germain, was found guilty of sexual battery following a trial by jury. He was sentenced to serve three years at hard labor, with credit for time served. Defendant now appeals, arguing that the jury erred in returning a guilty verdict without sufficient evidence and that the trial court should not have allowed the jury to hear testimony from the reporting officer concerning the fact that Defendant did not give a statement to her during the investigation. For the following reasons, we affirm Defendant's sentence. However, we amend the sentence to reflect that Defendant is not eligible for diminution of sentence pursuant to La.R.S. 15:537, and we instruct the trial court to note said amendment in the court minutes.

## FACTUAL AND PROCEDURAL BACKGROUND

The incident at issue herein allegedly occurred on June 18, 2000. At that time, the fifteen-year-old victim was visiting Defendant's home after a trip to Astro World in Houston. The victim was waiting for her parents to pick her up, and after using the phone in Defendant's bedroom, the victim alleges that Defendant sexually assaulted her. Defendant is the victim's uncle.

On September 22, 2000, Defendant, Amar St. Germain, was charged by bill of information with sexual battery, a violation of La.R.S. 14:43.1, and with molestation of a juvenile, a violation of La.R.S. 14:81.2. A trial by jury began on January 10, 2005, and concluded in a mistrial on January 11, 2005.

A second trial began on March 7, 2006, and following jury selection, the State moved to amend the bill of information to add the language, "who is not the spouse and without the consent of the person." The motion was granted and the bill was amended as such. On March 8, 2006, the jury found Defendant guilty of sexual battery.

1

On June 2, 2006, Defendant was sentenced to serve three years at hard labor, with credit for time served awaiting disposition of the matter. The trial court denied Defendant's motion to reconsider his sentence. On appeal, Defendant asserts that a reasonable jury could not have concluded that he committed sexual battery as there was insufficient evidence and that the trial court should not have allowed the jury to hear statements from the reporting officer concerning the fact that Defendant did not give a statement to her during the investigation.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. First, we note that the trial court sentenced the Defendant immediately after it denied Defendant's motion for post verdict judgment of acquittal. Louisiana Code of Criminal Procedure Article 873 provides, in pertinent part:

> If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

In *State v. Banks*, 503 So.2d 529, 534 (La.App. 3 Cir.), *remanded*, 503 So.2d 1007 (La.1987),[1] this court found in pertinent part:

> The trial court committed no error when it sentenced defendant immediately after denying defendant's motion for post verdict judgment of acquittal. LSA-C.Cr.P. Art. 873 provides that at least three days shall elapse between conviction and sentence when a defendant is convicted of a felony. The record shows that at least three days had elapsed between conviction and sentence. There is no requirement for any delays to elapse before sentencing after a motion for a post verdict judgment of acquittal has been denied. This assignment of error is without merit.

---

[1]The supreme court remanded for resentencing in compliance with La.Code Crim.P. art. 894.1, but otherwise writs were denied.

In *State v. Scott,* 98-2642 (La.App. 4 Cir. 2/16/00), 754 So.2d 1108, *writ denied,* 00-723 (La. 9/23/00), 769 So.2d 1219, the fourth circuit followed the opinion in *Banks*, and found the twenty-four-hour delay of art. 873 was only required following the denial of a motion for new trial or in arrest of judgment, not a post verdict judgment of acquittal.[2]

On the other hand, more recently, in *State v. Boyance*, 05-1068 (La.App. 3 Cir. 3/1/06), 924 So.2d 437, *writ denied*, 06-1285 (La. 11/22/06), 942 So.2d 553, this court applied the twenty-four-hour delay to a motion for post verdict judgment of acquittal, but found the error was harmless since the defendant had not challenged the excessiveness of his sentence on appeal. *See also State v. Shepherd*, 02-1006 (La.App. 3 Cir. 3/5/03), 839 So.2d 1103 and *State v. McDonald*, 02-909 (La.App. 3 Cir. 2/5/03), 838 So.2d 128, *writ denied*, 03-807 (La. 10/17/03), 855 So.2d 758. Other circuits have also applied the twenty-four-hour delay of art. 873 to the denial of a post verdict judgment of acquittal. *See State v. Henderson,* 41,657 (La.App. 2 Cir. 12/13/06), 945 So.2d 194, *State v. Coleman*, 02-0345 (La.App. 5 Cir. 9/18/02), 829 So.2d 468, *State v. Coates,* 00-1013 (La.App. 1 Cir. 12/22/00), 774 So.2d 1223, *State v. Bullock,* 99-2124, 99-2125 (La.App. 4 Cir. 6/14/00), 766 So.2d 585, *writ denied*, 00-2114 (La. 5/25/01), 792 So.2d 753 and *State v. Williams*, 97-970 (La.App. 5 Cir. 1/27/98), 708 So.2d 1086. Additionally, the supreme court, when addressing another issue in *State v. Augustine*, 555 So.2d 1331 (La.1990)[3], stated that art. 873 requires a twenty-four-hour delay between "the denial of a new trial or judgment for acquittal, and sentencing." *Id.* at 1333.

---

[2]*But see State v. Harris*, 01-1910 (La.App. 4 Cir. 4/24/02), 817 So.2d 1164, where the fourth circuit applied the twenty-four-hour delay of art. 873 following a denial of a motion for post verdict judgment of acquittal.

[3]This case was superseded, in part, by statute as stated in *State v. Martin*, 93-1915 (La.App. 4 Cir. 9/29/94), 643 So.2d 830.

In this case, any error would be harmless; Defendant does not argue excessiveness of his sentence on appeal, and he does not claim he was prejudiced by the lack of delay. *See Boyance*, 924 So.2d 437 and *Shepherd*, 839 So.2d 1103. Therefore, this court finds that any possible error is harmless.

However, we do find error patent in that the trial court failed to specifically deny Defendant's eligibility for diminution of sentence on the conviction of sexual battery. Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to a person who is sentenced to imprisonment for a stated number of years or months and is convicted of or pleads guilty to certain sex offenses, including sexual battery, a violation of La.R.S. 14:43.1. This court addressed this issue in *State v. S.D.G.*, 06-174 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, *writ denied*, 06-1917 (La. 3/16/07), 952 So.2d 694, explaining in pertinent part:

> Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated rape and aggravated incest. Here, the trial court failed to deny the defendant diminution eligibility under La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*, 05-391, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:
>
> > We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.
>
> Here, the trial court's failure to deny diminution of sentence renders the defendant's sentences illegally lenient. Therefore, we amend the defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make a notation in the minutes reflecting the amendment.

*Id*. at 1247. Thus, Defendant received an illegally lenient sentence. Consequently, Defendant's sentence for sexual battery must be amended to reflect that he is not

4

eligible for diminution of sentence pursuant to La.R.S. 15:537, and the trial court is instructed to note this amendment in the court minutes.

*Sufficiency of the Evidence*

In his first assignment of error, Defendant argues that the jury erred in returning a guilty verdict without sufficient evidence. The analysis for a claim of insufficient evidence is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

The elements of the crime at issue are set forth in La.R.S. 14:43.1, which states, in pertinent part:

> A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
>
> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; . . .

Defendant complains that he was convicted based solely on the testimony of the victim. First, Defendant maintains that the physical description of the actions

5

allegedly performed by Defendant defy physical possibility because the victim testified that her clothes were not completely removed, and yet Defendant performed oral sex on her while she was seated on the corner of the bed. Second, Defendant asserts that everything in the trailer was audible and that the victim was in the room with Defendant for no more than five minutes while she was on the phone. Lastly, Defendant contends that there was no indication of anything wrong.

With regard to the physical possibility of Defendant's actions in relation to the victim's location and clothing, the victim testified that she entered the room to use the phone. While in the room, Defendant asked to see the victim's bellybutton because he had heard the kids talking about how it looked like a cinnamon roll. The victim testified that she was sitting on the lefthand corner of the bed by the headboard and that she raised her shirt to show him her bellybutton. According to the victim, Defendant knelt down and began to suck on her bellybutton. Next, Defendant unbuttoned her shirt, raised the tank top to her bathing suit and began sucking on her breasts. Defendant proceeded down to her vagina, pulled down her pants and began sucking and licking inside the victim's vagina.

On cross-examination, the victim testified that her clothes never came off, but that Defendant pulled her clothes down. With regard to her position on the bed, she testified that she was seated at the corner of the bed the entire time, including the time Defendant performed oral sex. She further explained that she was seated on the side of the bed, close to the corner, near the headboard.

Next, the victim was questioned regarding her written statement which was taken after the incident. The victim acknowledged that, in her written statement, she reported that Defendant took her clothes off. However, she testified that her clothes were not completely removed from her body but were pulled down and up, exposing

6

her vagina and breasts. The victim also acknowledged that, in her statement, she reported that she got up and put her clothes back on after the incident. When asked about the discrepancy between her written statement and testimony regarding the removal of her clothing and putting her clothing back on, the victim stated that she should have used greater detail in describing the incident when she gave her written statement.

While there is some discrepancy whether the victim's clothing was completely removed, both the testimony and written statement indicate that the victim's breasts and vagina were exposed, and thus, do not defy the physical possibility of the allegations made by the victim. Also, the victim explained that she was sitting on the side of the bed, near the corner, with her pants pulled down, which also supports the possibility of the victim's allegation.

With regard to the audibility within the trailer, Defendant's fifteen year old daughter, T.S.G., testified that they lived in a mobile home and that when you talk in a regular voice, you can hear it across the house. At the time of the alleged incident, T.S.G. stated that she did not hear anything being said, nor did she hear any movement. Based on this testimony, Defendant contends that the incident could not have happened.

T.S.G. was about nine years old at the time of the incident. She also testified that there was a total of seven people in the home and that the little kids were playing. On cross examination, T.S.G. admitted that if she was in one room and a person was whispering in another room, she probably could not hear them. Also, T.S.G. testified that, on the night of the incident, she was not listening to what was going on in her father's room and that the door was closed during the time the victim was in the room. T.S.G.'s testimony regarding the audibility in the mobile home provides little

7

support to the notion that the incident did not occur. Additionally, the victim testified that she did not scream out for help and that she never told Defendant to stop. The victim testified that all she did was shake in fear because she knew Defendant was doing something to her that he should not have been doing.

As to Defendant's complaint that the victim was in the bedroom only five minutes, the victim testified that she was in the bedroom about ten to fifteen minutes. T.S.G. was also questioned about the time the victim was in the room with Defendant, and when she was first asked how long the victim was in the bedroom, she replied, "I don't know. I mean maybe five minutes. Maybe." Later during her testimony, T.S.G. was asked the leading question, "... and you said she was in there what, five minutes?" She responded, "Yes, sir." Although a conflict exists with regard to the amount of time the victim was in Defendant's bedroom, the discrepancy between the recollection of the fifteen-year-old victim and the nine-year-old witness was minor, and we find that the jury's reliance on the victim's testimony was reasonable.

Lastly, Defendant maintains that there was no indication that anything was wrong when the victim left the bedroom. However, the investigating officer, Linda Delahoussaye, testified that during her investigation, she interviewed Ty.S.G., also a daughter of Defendant, who was eight years old at the time of the incident. Ty.S.G. reported to Officer Delahoussaye that she saw the victim leave Defendant's bedroom and that the victim looked sad. At trial, Ty.S.G. was called to testify, but maintained that she did not remember giving a statement to Officer Delahoussaye, even after being given a copy of same to help her recollection. Ty.S.G. also testified that she did not remember being with the victim on June 18, 2000, or what happened that day. Although Ty.S.G. could not recall giving the statement, there was an indication that something was wrong when the victim left the bedroom as evidenced by Officer

8

Delahoussaye's testimony and Ty.S.G.'s written statement. Further, it was reasonable for the jury to believe Officer Delahoussaye's testimony and the validity of Ty.S.G.'s written statement, especially in light of Ty.S.G.'s age at the time the statement was made and that more than six years had elapsed since the incident. Accordingly, we find this assignment of error to be without merit.

*Admissibility of Officer Delahoussaye's Testimony*

In his second assignment of error, Defendant argues that the trial court should not have allowed the jury to hear statements from the reporting officer regarding the fact that Defendant did not give a statement to her. At trial, Officer Delahoussaye testified that she attempted to interview Defendant during her investigation. Defense counsel objected, asserting that this testimony prejudiced the jury because Defendant had the right to remain silent. The court overruled the objection, stating that police officers can testify as to what they did in furtherance of an investigation. Officer Delahoussaye was then questioned as to what else she did in furtherance of her investigation. She replied that she attempted to interview Defendant, but he was unavailable. Defendant now contends that this statement breached the law and prohibition against inferences that Defendant may be guilty due to his refusal to give a statement against himself.

Louisiana Code of Criminal Procedure Article 770 provides, in pertinent part:

> Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
>
> . . . .
>
> (3) The failure of the defendant to testify in his own defense . . .

In support of this argument, Defendant refers this court to *State v. Jones*, 94-926 (La.App. 4 Cir. 12/28/94), 648 So.2d 472, *writ denied*, 95-272 (La. 6/16/95), 665

9

So.2d 346, wherein a mistrial was not granted although the officer testified that the defendant refused to give a statement after he had been arrested and advised of his rights. The court referred to art. 770(3) and stated:

> A police officer is not a "court official" under La.C.Cr.P. Article 770. *State v. Lee*, 618 So.2d 551 (La.App. 4th Cir.1993), *writ denied*, 624 So.2d 1222 (La.1993); *State v. Tatum*, 506 So.2d 584 (La.App. 4th Cir.1987). Absent a showing of a pattern of unresponsive answers or improper intent by the prosecutor, a mistrial is not warranted. *Lee*, *supra*.
>
> In the instant case, the prosecutor simply asked what happened after the hair sample and nail scraping were taken. It does not appear that the prosecutor intended to elicit testimony concerning the defendant's refusal to give a statement. Moreover, even if the responses of the officer or the intent of the prosecutor were called into question in this case, a mandatory mistrial under Article 770 would not be appropriate. In *State v. Smith*, 336 So.2d 867 (La.1976), the Louisiana Supreme Court pointed out that Article 770 does not apply to references to a defendant's post-arrest silence by the prosecutor or by witnesses, but only applies to references to the defendant's failure to testify at trial.

*Id*. at 477.

First, as in *Jones*, the statement was made by an officer, not a "court official" under art. 770. Further, Officer Delahoussaye's response to the State's question did not rise to the level of a statement which attempts to demonstrate that Defendant was unwilling to testify in his own defense. There is no indication that the State intended to elicit testimony concerning Defendant's refusal to give a statement. The officer simply stated that Defendant was unavailable, not that he refused to give a statement. Lastly, art. 770 would not apply to Officer Delahoussaye's statement regarding Defendant's post-arrest silence due to his unavailability because it only applies to references to Defendant's failure to testify at trial. Accordingly, we find that this assignment of error is without merit.

10

**DECREE**

For the reasons stated, Defendant's conviction is affirmed. However, we find that the sentence was illegally lenient and hereby amend the sentence of three years at hard labor for the crime of sexual battery to reflect that Defendant is not eligible for diminution of sentence pursuant to La.R.S. 15:537. The trial court is instructed to note this amendment in the court minutes.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.